UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Keith Lemart Griffin, | ) C/A No. 2:12-1950-RMG-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| South Carolina Department of Social Services; North Charleston Police Department; Charleston County; K. Bailey; NFN Bilancione; Dashonda VanDyke; and Darrell Morris, | ) |
| Defendants. | ) |

This is a civil action was filed by a local prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the district court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to

1

a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff, who is confined in Charleston County's Sheriff Al Cannon Detention Center, in Charleston, South Carolina, files this § 1983 action[1] in which he describes the issues he is attempting to litigate as, "why was I put on child support, trespassing, central registry of child abuse." Complaint, II. Place of Confinement, ECF No. 1, p. 2. As to the relief he seeks, Plaintiff alleges, "[a]ny grant or any thing the court deems nessesary. Tooken off any registry list, charge drop, family place back in home, give my girlfriend her section 8 back and some type of money." Complaint, V. Relief, ECF No. 1, p. 5. Plaintiff's narrative is sometimes difficult to follow. Plaintiff alleges, verbatim:

> On September 24, 2008 Quantrella LaSanne allege that I committed sexual abuse on her. Upon further police and medical investigation there was no

---

[1] 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999). To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).

2

evidence supporting Quantrella allegations. There was none of my dna found in her or any vagina bruising. I was not charge with anything by the police. Was not convicted of any crime dealing with this matter. I was not summon to court in 2008 or 09 for this. How could I be place on central registry list if I wasn't convicted of nothing. I can not place on any sexual perpetrator treatment if I wasn't convicted, no evidence supporting her claim, or summons. Quantrella LaSanne was raped by her brothers dad Shawn Flood who's locked up, in 05. In the nature of action codes by DSS, they reported that Katronda Summersett and Keith Griffin abuse and neglected the kids. But in the section of the hearing on the merits by DSS states fosters parents didn't report any abuse or neglect. In the 'hearing on the merits' by DSS in the 'current situation' section it states the children don't have health concerns. But DaShawn Summersett was hospitalize in Beaufort, SC hospital for a allergic reaction to peanut butter and he has asthma. Quantrella makes good grades, but since age 11 she's been suspended on several occasions, stealing teacher cell phone. I would never hurt these kids. She made all this up. Smoking weed, sneakin boys in the house, and not going to school. I would discipline her and she'll say I'm not her father. She'll disrespect her mother, becoming very unruly. I did what any good step daddy would do. I was not formally notified by the Charleston County Family Court in 08. Placing me on trespassing without cause without proper notification. Cause me to be arrested, job security, family being taken away to foster care, separation anxiety, heart ache, and pain. Keith Griffin and Denise Williams never got divorce. She got remarried committing bigamy. Denise got custody of our kids in 07 from my niece Ongiva Chilson. In the court order Denise and her new husband Bruce Williams said they didn't want support. Keith Griffin was place on child support without going to court and after the recorded remarks. I wasn't summons for child support to tell how much money I make or after being tooken off by my niece Ongiva in 07. Didn't know I was on child support when I was arrested in 2009. Being arrested for trespassing on 5,8,2012 was the cause of all these problems. But my trespassing was dropped in June of 2012. Was also charge with threating a police falsely I'm in the back seat of the police car but he don't have any audio and video. They forge my name on my arrest warrent and wrongfully arrested me. All these torts were committed against me. Ronnell Deshawn Harmon vs. South Carolina had the exact same charge threatening the life of public official and his was a misdeaminor and mines was a general sessions.

Complaint, IV. Statement of Claim, ECF No. 1, p. 3-4.

## DISCUSSION

The gist of Plaintiff's Complaint are his claims that he should not be obligated to pay

3

child support, he should not be listed on the Central Registry of Child Abuse and Neglect of the South Carolina Department of Social Services ("DSS"),[2] his pending state criminal charge should be dropped, [3] he should be released from custody,[4] his family should be reunited, his girlfriend's low-income housing assistance under Section 8 of the Housing Act of 1937 (42 U.S.C. § 1437f) should be reinstated to her, and he should be awarded monetary compensation.

---

[2] The Central Registry of Child Abuse and Neglect is a statewide listing of persons who were found to have abused or neglected a child by the family court, a criminal court, as a result of an administrative appeals process, or as a result of an investigation into abuse on an out-of-home setting, as provided by SC statute. The Central Registry is maintained by the South Carolina Department of Social Services. Information contained in DSS records and the Central Registry is confidential by state and federal statute and can be accessed only as permitted by law. *See* SC DSS Central Registry website, https://dss.sc.gov/content/customers/protection/cps/cr/index.aspx (last visited Aug. 24, 2012).

[3] The Charleston County Ninth Circuit Public Index indicates that Plaintiff was arrested on May 9, 2012, and indicted on July 11, 2012, for "threatening life, person or family of public official," warrant no. M997922, indictment no. 2012-GS-10-4285. The Index indicates that Plaintiff was also apparently subjected to bench warrants in proceedings brought in the Family Court of the Ninth Judicial Circuit ("Family Court") on May 11 and 17,2012. *See* http://jcmsweb.charlestoncounty.org/publicindex/Case Details.aspx?County=10&CourtAgency=10001&Casenum=M997922&CaseType=C (last visited Aug. 24, 2012). The undersigned takes judicial notice of Plaintiff's previous and pending state court pro-ceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

[4] In *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), the United States Supreme Court held that release from prison is not a remedy available under 42 U.S.C. § 1983. In *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of *Heck* as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief via § 1983.

To the extent that Plaintiff attempts to appeal rulings, orders, or judgments that were entered against him in previous family court or circuit court proceedings in South Carolina involving child support and/or abuse and neglect, he cannot appeal such rulings, orders, and judgments to this federal district court. Appeals of orders issued by lower state courts must go to a higher state court. The United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See* 28 U.S.C. § 1257 (since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983); *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997). In civil, criminal, and other cases heard in the family and circuit courts of the State of South Carolina, appeals of judgments are within the jurisdiction of the South Carolina Court of Appeals and/or the South Carolina Supreme Court. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) ("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review.").

In addition, as to any challenges Plaintiff makes to final judgments in prior state court proceedings, the *Rooker-Feldman* Doctrine bars them. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).[5] To the extent that Plaintiff claims he was injured by alleged erroneous family court proceedings and seeks the relief of being relieved of a child support obligation and having

---

[5] This doctrine may be raised by the Court *sua sponte*. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n. 5 (4th Cir.1997); *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10 (1976). Also, the *Rooker-Feldman* Doctrine is jurisdictional. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir.2003).

his name removed from the state's central registry of child abusers, such rulings cannot be reviewed or set aside and such relief cannot be granted by the United States District Court for the District of South Carolina. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462. This prohibition on review of state court orders by federal district courts is implicated when to rule in favor of the plaintiff on his claims in connection with state court proceedings would, necessarily, require the federal court to overrule (or otherwise find invalid) various orders and rulings made in the state court. Such a result is prohibited under the *Rooker-Feldman* Doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293-94 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712, 719–20 (4th Cir.2006); *Chapman v. South Carolina Dept. of Corrections*, 2012 U.S. Dist. LEXIS 80369 at *17, 2012 WL 1895932, at *5 (D.S.C. May 1, 2012) affirmed by, adopted by, dismissed without prejudice by 2012 U.S. Dist. LEXIS 71537, 2012 WL 1898621 (D.S.C., May 23, 2012). Plaintiff's factual allegations invite a quintessential application of the *Rooker-Feldman* Doctrine barring cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 283. Plaintiff alleges that "[i]n the nature of action codes by DSS, they reported that Katronda Summersett and Keith Griffin abuse and neglected the kids," but that "he was not formally notified by the Charleston County Family Court in 08. Placing [Plaintiff] on trespassing without cause without proper notification. Cause [Plaintiff] to be arrested, job security, family being taken away to foster care, separation anxiety, heart ache, and pain," and that he "was place on child support without going to court." Complaint, IV. Statement of Claim, ECF No. 1, p. 3-4. Now, Plaintiff seeks to be "t[ak]en off any registry list, [to have]

6

charge[s] drop[ped], [to have his] family place[d] back in [its] home . . . and [to be awarded] some type of money." Complaint, V. Relief, ECF No. 1, p. 5.[6] Plaintiff's Complaint does not present any general challenge to the constitutionality of a South Carolina rule or statute, as is an exception to the *Rooker-Feldman* Doctrine. *See Feldman*, 460 U.S. at 486. Plaintiff complains of apparent evidentiary findings and procedural errors which allegedly failed to provide Plaintiff with notice of court hearings and imposed judgments on him in his absence. Thus, this court lacks "jurisdiction under the *Rooker-Feldman* Doctrine to consider [the] complaint because his federal claims are inextricably intertwined with his state case." *See Neal*, 112 F.3d at 356.

To the extent that Plaintiff asks this court to dismiss his pending criminal charge for threatening the life, person or family of a public official, or to release Plaintiff from custody on this criminal charge, or to release Plaintiff from confinement pursuant to Plaintiff's non-payment of child support or any contempt citation which may have been entered against Plaintiff by the family court of South Carolina, such relief cannot be granted by this court. In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th

---

[6] To the extent that Plaintiff's asks this court to "give my girlfriend her section 8 back," he cannot assert a claim on her behalf. It is well settled that a *pro se* litigant may not represent another individual or entity in a civil action. *See United States v. Kerner*, 895 F.2d 1159, 1162 n. 3 (7th Cir. 1990) (plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties); *Tse-Ming Cheung v. Youth Orchestra Found. of Buffalo*, 906 F.2d 59, 60-61 (2d Cir. 1990) (non-attorney parent must be represented by counsel when bringing an action on behalf of a child); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a prisoner, proceeding *pro se,* cannot represent other prisoners in a class action).

7

Cir.1996). The *Younger* Abstention Doctrine has been extended to cases involving state civil and administrative proceedings. *See Trainor v. Hernandez*, 431 U.S. 434 (1977) (civil litigation where the state is a party); *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (civil litigation between private parties); *Middlesex County Ethics Committe v. Garden State Bar Association*, 457 U.S. 423 (1982) (state administrative proceedings); *Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir.2006). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County*, 457 U.S. at 432).

Here, the instant claim relate to a criminal case pending in South Carolina state court. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused 'a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Plaintiff should be able to raise his claim concerning an alleged wrongful arrest and prosecution, and any other constitutional claims, in Plaintiff's state court criminal

8

trial. Accordingly, this court should decline to hear any of Plaintiff's claims concerning any pending state criminal or family court case, as well.[7]

Moreover, Defendant South Carolina Department of Social Services ("SCDSS") is immune, under the Eleventh Amendment to the United States Constitution, from a suit for monetary damages brought in this federal court. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987).

While the United States Congress can override Eleventh Amendment immunity

---

[7] There is some authority that a federal court should stay claims for money damages during the pendency of civil actions in state court, as opposed to dismissal of those claims which are for equitable relief. *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). As an alternative, a district court might elect to stay any damages claims concerning it. This would produce a strange result, however, insofar as the final judgment in any now-pending case would seem to only then implicate *Rooker-Feldman*. In addition, as discussed, below, insofar as Plaintiff seeks monetary damages, his claims for such relief against all of the named Defendants fail for other reasons.

through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Lapides v. Board of Regents*, 535 U.S. 613 (2002); *Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a state may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). However, the State of South Carolina has not consented to such actions. Section 15-78-20(e) of the South Carolina Code of Laws expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *See Hall v. County of Carolina Dep't. of Corr.*, C/A No. 2:09-3106-TLW-RSC, 2009 U.S. Dist. LEXIS 125156, 2010 WL 610751 at *3 (D.S.C. Feb. 18, 2010); *McCall v. Batson*, 285 S.C. 243, 329 S.E. 2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities.").

Insofar as Plaintiff sues Defendants Dashonda VanDyke, Darrell Morris, and Crystal Grant (whom Plaintiff identifies on his proposed summons as officials of SCDSS in its Charleston office) in their official capacity, Plaintiff is barred from seeking monetary damages from these Defendants by their Eleventh Amendment immunity. The caption and "list of parties" section of Plaintiff's Complaint does not name Defendant Crystal Grant. However, Plaintiff submitted a proposed summons for Defendants VanDyke, Morris, and Crystal Grant, identifying all three as officials of "DSS of Charleston, SC." Therefore, the undersigned liberally construes Plaintiff's Complaint as attempting to state a § 1983 claim against Crystal Grant.

With respect to the remaining Defendants, *i.e.* North Charleston Police Department, Charleston County, K. Bailey, and NFN Bilancione, who may be considered "persons" and who, without additional facts, do not appear entitled to any form of immunity from suit, Plaintiff's Complaint should be summarily dismissed because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. As to Defendants the North Charleston Police Department, Charleston County, K. Bailey, NFN Bilancione, as well as to Defendants Dashonda VanDyke, Darrell Morris, and Crystal Grant, Plaintiff's Complaint is also frivolous. Although Plaintiff makes many complaints about SCDSS's actions in connection with his child support and abuse and neglect proceedings, his pending criminal charge, his confinement in the detention center, and other circumstances, he fails to provide the court with any type of sufficient factual background to hold any of the above-named Defendants liable for any of the claims he attempts to raise. Despite his naming the North Charleston Police Department, Charleston County, K. Bailey, NFN Bilancione, Dashonda VanDyke, Darrell Morris, and Crystal Grant in the caption of his Complaint and/or on his proposed summons, Plaintiff fails to make any factual allegations whatsoever in the body of his Complaint against any of these Defendants. Plaintiff fails to identify which Defendant or Defendants are/were involved in any alleged wrongdoing which resulted Plaintiff's incurring an obligation to pay child support, and his alleged inclusion on SCDSS's Central Registry of Child Abuse and Neglect, and his being charged with threatening a public official. Plaintiff fails to make any specific allegations to show how any of the above-named Defendants might plausibly be liable under § 1983, based on any particular conduct that is alleged to

11

have harmed Plaintiff. As a result of this failure to specify which Defendants committed which act or wrongdoing, it is impossible for the court to determine which, if any, Defendant might be liable for which alleged problem that Plaintiff experienced. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, a plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Also, although we are bound to liberally construe Plaintiff's *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to support his claims. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Under 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no allegations whatsoever of any wrongdoing on the part of Defendants North Charleston Police Department, Charleston County, K. Bailey, NFN Bilancione, Dashonda VanDyke, Darrell Morris, and Crystal Grant, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to these Defendants. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389n. 2 (dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 F. App'x

12

148, *2 (7th Cir. Feb. 18, 2003). In the absence of substantive allegations of wrongdoing against Defendants North Charleston Police Department, Charleston County, K. Bailey, NFN Bilancione, Dashonda VanDyke, Darrell Morris, and Crystal Grant, there is nothing from which this court can liberally construe any type of viable cause of action against them arising from the Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278 ; *Gordon v. Leeke*, 574 F.2d at 1151.

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case, without prejudice and without issuance and service of process. Plaintiffs' attention is directed to the important notice on the next page.

August 31, 2012  
Charleston, South Carolina

s/Bruce Howe Hendricks  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).