# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK CHARLESTON, SC
2012 OCT -5  A 11: 23

| | |
|---|---|
| Keith Lemart Griffin, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: 2:12-1950-RMG |
| South Carolina Department of Social Services; North Charleston Police Department; Charleston County; K. Bailey; NFN Bilancione; Dashonda VanDyke; and Darrell Morris, | ) ORDER |
| Defendants. | ) |

Plaintiff Keith Lemart Griffin, a detainee at the Charleston County Detention Center, brings this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Plaintiff describes the issues he is attempting to litigate as "why was I put on child support, Trespassing, Central Registry of Child Abuse." (Dkt. No. 1 at 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 72.02(B)(2)(d) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. The Magistrate Judge issued a Report and Recommendation that Plaintiff's complaint be dismissed without prejudice. (Dkt. No. 8).

Plaintiff was advised by the Magistrate Judge of the procedures and requirement for filing objections to the Report and the serious consequences of failing to do so. Petitioner has filed an objection to the Report. (Dkt. No. 11). As explained herein, this Court has reviewed the Record and agrees with the Report and Recommendation, and therefore dismisses the Plaintiff's complaint without prejudice.

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). While Plaintiff has filed an objection to the Magistrate's Report, Plaintiff fails to specifically object to any portion of that report. (Dkt. No. 11).

Notwithstanding Plaintiff's failure to object explicitly to specific findings in the Report, federal courts are charged with liberally construing *pro se* complaints or other pleadings to allow for the development of a potentially meritorious case. *See, e.g., Erickson v. Parfus*, 551 U.S. 89, 94 (2007); *Cruz v. Beto* 405 U.S. 319, 322 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Under the mandated liberal construction standard afforded *pro se* pleadings, if the court can reasonably read the pleading to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), nor can the court ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Willer v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990).

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). The Supreme Court has held: "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1998). Plaintiff's complaint fails to meet this standard.

Plaintiff is detained at the Charleston County Detention Center for, among other things, failure to make child support payments as required. (Dkt. No. 1 at 4). Plaintiff seeks relief from this detention by claiming that he was unaware of the order of child support. *Id.* Thus, under the liberal construction required for *pro se* plaintiffs, Plaintiff alleges a lack of due process in the State's assessment of child support payments and the resultant arrest warrant for failure to make those payments. *See Id.* But state court records reflect[1] that Plaintiff was subjected to bench warrants for Ninth Circuit Family Court proceedings. (Dkt. No. 8 at 4, n.3).

Plaintiff states in his response to the Magistrate's report that he "would like to object to the ruling of Magistrate Judge [ ] Bruce Howe Hendricks," but fails to point to any specific portion of the report he finds objectionable. (Dkt. No. 11 at 1). Plaintiff then continues "I have signatures of K. Bailey, NFN Bilancione arresting me falsely for trespassing and threatening the life of an officer at 4036 Gary St. and the charges were dropped." *Id.* As noted by the Magistrate, while a wrongful arrest may give rise to a constitutional claim, the proper venue to assert this claim is state court. (Dkt. No. 8 at 8). Plaintiff's objection continues: "Also, I have papers of wrong doing on the behalf of Dashonda VanDyke and Darrell Morris falsely accusing

---

[1] The undersigned takes judicial notice of Plaintiff's previous and pending state court proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding).

me of sexual abuse and child neglect towards my children without any evidence to support their claim." (Dkt. No. 11 at 1). As noted in the Magistrate's report, Plaintiff must do more than make bald conclusory statements. *See* (Dkt. No. 8 at 12). Here, Plaintiff has merely repeated his conclusory statement that VanDyke and Morris have harmed him. Plaintiff's objection further states "[t]he officers at Al Cannon Detention Center currently refuse to make copies for inmates. I have a Lawyer who will represent me when I am released on the 11th of September." (Dkt. No. 11 at 1). Not only is this not a specific objection to the Magistrate's report, it also fails to present a claim on which relief may possibly be granted; it is a conclusory statement alleging harm in the form of denial of access to the courts which is not bolstered by any other evidence and is in fact belied by the fact that Plaintiff objected to the Magistrate's report. *Id.* Plaintiff's objection concludes: "I will have copies of the legal documents and signatures of the defendants to support my claim. As a United States citizen I feel that my constitutional rights were violated and the legal documents and signatures will prove the same. Thank you for listening." *Id.*

In essence, Plaintiff seeks federal court interference with his state court criminal proceeding. Under the standard set in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Noting issues of federalism and comity require a heightened level of caution, the *Younger* Court stated federal courts may only intervene in a state criminal proceeding when there has been a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54. The Fourth Circuit has held that federal courts should not intervene when "1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity to raise federal claims in the state

proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (*citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff is awaiting trial; therefore, an ongoing state criminal proceeding exists and the first prong of the Fourth Circuit's test is satisfied. The second prong's requirement of important state interests is also meet. In *Kelly*, the Supreme Court held "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Plaintiff is able to raise his claims in state court both during and after trial. Because all three prongs of the Fourth Circuit's abstention test are satisfied, the Court abstains from hearing Plaintiff's claims for injunctive relief.

## CONCLUSION

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. The Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 5, 2012
Charleston, South Carolina